

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

December 2, 2025

**BY ECF**

The Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   *Re:* *Liang v. Genalo*, No. 25 Civ. 9980 (JLR)

Dear Judge Rochon:

  This Office represents the government in this habeas corpus action, which was filed by a next friend for the petitioner on Monday, December 1, 2025. For the reasons set forth below, the government respectfully requests that the Court order the Clerk of Court to docket the exact time that the next friend filed this petition on December 1, 2025, including by docketing any email correspondence from petitioner or his representative to the Court that attached his petition.

  Habeas jurisdiction is predicated on where the petitioner is located at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 437 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *accord Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (cleaned up)); *Khalil v. Joyce*, 771 F. Supp. 3d 268, 280–86 (S.D.N.Y. 2025) (holding that court lacked habeas jurisdiction where petitioner was transferred from 26 Federal Plaza to a facility in the District of New Jersey "in the hours before [the petitioner] filed the Petition").

  From the current docket, the government is unable to determine the exact time that the petition was filed, and thus whether venue is proper in this Court, as there is no time stamp included on any of the docketed entries to indicate when the habeas petition was actually received by the Court. The habeas petition was entered on the electronic docket at 9:16 a.m. on December 2, but that is not the time that the petition was received by the Court. Rather, the docket reflects a filing date of December 1, which is likely the date the Clerk's Office or Pro Se Intake Unit received the petition from the next friend, but there is no time of receipt indicated. Assuming that the petition was sent to the Court by email, the relevant time would be captured on the email correspondence in which the habeas petition was transmitted to the Clerk's Office or the Pro Se Intake Unit. Thus, so that the government may evaluate whether venue is proper in this Court, the government respectfully requests that the Court order the Clerk of Court to docket the exact time of the filing

of petitioner's habeas petition on December 1, 2025, including by docketing any email correspondence from petitioner or his representative to the Court that attached his petition.[1]

We thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _s/ Brandon M. Waterman_
BRANDON M. WATERMAN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2743

cc:    Pro Se Petitioner (by mail)

The Court has been informed by the Clerk of Court that the Court's Pro Se Intake Unit received the petition via email at 9:56 p.m. on Monday, December 1, 2025.

The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 3.

**SO ORDERED.**

Dated: December 3, 2025
       New York, New York

_Jennifer Rochon_
**JENNIFER L. ROCHON**
**United States District Judge**

---

[1] This Office has previously tried to ascertain this information from the Pro Se Intake Unit, but we were told that we would have to make a request for such information from the Court. This Office filed similar requests in other cases, and the requested information was provided. *See, e.g.*, *Torres v. Francis*, No. 25-cv-9573 (ALC), ECF No. 9 (Order) (providing the time the Pro Se Intake Unit received the petition by email); *Valerio v. Joyce*, No. 25-cv-8714 (RA), ECF No. 10 (Order) (same).