UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARA BRODY ex rel. KAMORO
ANTHONY LAING and KAMORO
ANTHONY LAING,

                            Petitioners,

            -against-

KENNETH GENALO, *Field Office Director
for Detention and Removal, U.S. Immigration
and Customs Enforcement and Department of
Homeland Security*,

                            Respondent.

Case No. 1:25-cv-09980 (JLR)

**ORDER GRANTING PRO BONO
COUNSEL**

JENNIFER L. ROCHON, United States District Judge:

WHEREAS Kamoro Anthony Laing and his son Kamoro Anthony Laing filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 1, 2025, through their next friend Dara Brody while Petitioners were flying out of the Southern District of New York, Dkt. 11 at 1;

WHEREAS the Government has waived any challenges to venue in this case, *id.*;

WHEREAS the Court issued an Order to Answer on December 2, 2025, and a hearing is scheduled for December 12, 2025;

WHEREAS Petitioners' reply to the Government's opposition to the petition is due on December 11, 2025;

WHEREAS the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986) in deciding whether to seek *pro bono* counsel for Petitioners;

WHEREAS the *Hodge* factors include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits

from the skills of those trained in presentation of evidence and cross-examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011);

WHEREAS the Court finds that the *Hodge* factors weigh in favor of seeking *pro bono* counsel for Petitioners.  Petitioners' abilities to present their case and conduct any related fact investigation are significantly limited due to their incarceration and the emergency nature of their habeas petition.  Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]"  *Hodge*, 802 F.2d at 61;

IT IS HEREBY ORDERED THAT the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Petitioners in this case.  It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant *pro bono*.  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).  If an attorney volunteers, the attorney will contact Petitioners, or their next friend, directly;

IT IS FURTHER ORDERED if Petitioners have already successfully secured counsel on their own, or otherwise does not wish the Court to seek volunteers for *pro bono* counsel, they must inform the Court by December 8, 2025; and

IT IS FURTHER ORDERED that the Clerk of the Court is directed to immediately e-mail a copy of this Order to the Petitioners in care of their next friend, Dara Brody, at dara.brody@cccsny.org.

Dated:  December 5, 2025
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge